WILLIAM RAMÍREZ, Plaintiff and Appellee, *v.* THE HOTEL CONDADO CORP. & MARYLAND CASUALTY Co., Defendants and Appellants.

No. 9710. Argued June 3, 1948.—Decided June 18, 1948.

*F. Prieto Azúar* for appellants.   *F. Fernández Cuyar* for appellee.

MR. JUSTICE SNYDER delivered the opinion of the Court.

During 1942 the Hotel Condado Corporation rented to the corporation Casino de Puerto Rico that part of the Condado Hotel known as "Salón de las Conchas", with its galleries. The lease provided that the tenant would have exclusive use of the adjoining terrace and the ladies' room when the Casino held parties which did not conflict with the activities of the hotel.

On April 10, 1942 the plaintiff and his wife attended a bingo game in the Salón of the Casino. They departed between 10 and 11 p.m. by means of a stairway leading from the Salón to a patio on the grounds of the hotel. While the plaintiff and his wife were descending this stairway, the latter lost her footing due to a defect in one of the steps, fell and was injured. The plaintiff sued the hotel corporation and the Maryland Casualty Co. and recovered $4,000 for the injuries to his wife, $540 for medical expenses and $450 for attorney's fees.

On appeal, the defendants assign four errors. In the third and fourth errors the defendants assert that the plaintiff and his wife were contributorily negligent and that the damages awarded were excessive. We deem it unneccessary to discuss these errors in detail. The record contains ample justification of the findings of the lower court in both respects.

The first and second errors are directed against the conclusions of the district court that (1) the hotel corporation retained control of the stairway and therefore (2) it was not necessary for the tenant, Casino de Puerto Rico, to notify the defendant of the need for repair thereof.

The defendants concede that the stairway was defective and that it was the duty of the hotel corporation to repair it. But the latter argues that it was not liable in the absence of notice from its tenant of the defect in the stairway.[1] It relies, among other cases, on *Vázquez* v. *Antuñano*, 61 P.R.R. 745. See also *Arroyo* v. *Caldas, ante,* p. 639. But in the *Vázquez* case the bathroom in which the accident occurred was under the exclusive control of the tenant. Here, as the lower court found, the lease of the Casino did not include the stairway. It is true that the stairway led only to the Salón of the Casino, which had on the door a sign reading "Casino de Puerto Rico, Private Club" and that a doorman paid by the Casino was stationed at the entrance so that only members of the Casino and their guests could enter. But the fact that as a practical matter the stairway gave access only to the Salón which the Casino had rented for its exclusive use does not require the conclusion that the stairway was under the control of the tenant rather than the hotel corporation. To so hold would be in effect to say that the lessee of an apartment on the top floor of a building was in control of the last flight of steps because it led only to his apartment. Just as any other tenant in a hotel, an apartment house or an office building, the Casino was not in control of the stairway herein merely because it led solely to the Salón. If this particular stairway had been specifically included in the lease contract, the doctrine of the *Vázquez* case would be controlling. But there was no such provision in the lease. The Casino was like any other tenant of the hotel. Consequently, the prin-

---

[1] There was some testimony that the hotel corporation, or some of its employees, were notified informally, or at least knew, of the defect. The district court found there was sufficient notice. However, we assume, without deciding, that there was no such notice.

ciple laid down in *Torres* v. *Fernández,* 56 P.R.R. 459, that no notice of any defect by the tenant to the landlord is required, rather than the doctrine of the *Vázquez* case, applies here.

The judgment of the district court will be affirmed.

Mr. Justice De Jesús did not participate herein.